STATE *EX REL.* LOCKWOOD v. ADAMS, CO. TREAS.

BURDEN OF PROOF—MANDAMUS—ISSUE.—Where in a mandamus proceeding by the holder of a county warrant against a county treasurer to require him to pay, the respondent sets up a defense upon which this Court sends down an issue to be determined and certified up, the burden of proof is on the respondent.

Before BUCHANAN, J., Beaufort, April, 1901.    Reversed.

Proceeding for writ in mandamus by W. H. Lockwood against H. Q. Adams, county treasurer.  From Circuit order requiring relator to take initiative in proving issue sent down by this Court, relator appeals.

*Messrs. Elliott & Thomas,* for appellant, cite: 35 S. C., 171; 51 S. C., 431; 41 S. C., 305; 35 S. C., 372; 34 S. C., 466; 28 S. C., 545; 10 S. C., 468; 42 S. C., 32; 40 S. C., 276; 35 S. C., 569; 17 S. C., 565; 16 S. C., 244; 24 S. C., 558; Edwards on Ref., 40; 6 Utah, 18; 19 How. Pr. R., 530.

*Mr. Thos. Talbird,* contra (no citation).

March 24, 1902.    The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.    This is an application in the Circuit
Court for a writ of mandamus to compel the county treasu-
rer of Beaufort County to pay a county commissioners' war-
rant for service by W. H. Lockwood, the relator, in negoti-
ating the sale of certain bonds issued by Beaufort County.
The Circuit Court having refused the writ, the relator
appealed to this Court—52 S. C., 485—and this Court find-
ing that the Court below failed to pass upon a question of
fact that was deemed necessary or important for a proper
decision of the case, sent down this issue for trial: "Was W.
H. Lockwood the actual purchaser of the $12,700 of bonds
of Beaufort County, or were said bonds sold to a person or
persons other than W. H. Lockwood at the time said bonds
were turned over · to said Lockwood by R. B. Fuller, as
county treasurer, in the year 1894?" and ordered that the
Circuit Court certify to this Court the finding upon said issue
so ordered, leaving the appeal pending in this Court.    There-
after the parties agreeing to waive a trial by jury, consented
to an order referring it to the master of Beaufort County to
take and report the testimony.    Pursuant to said order of
reference, the master proceeded to hold a reference on the 2d
day of January, 1901.    A question was raised before the
master as to who should first proceed with the testimony, and
the master decided that it was the duty of the appellant,
relator, to first proceed with the testimony.    To this ruling
appellant's attorneys excepted and gave notice of appeal,
and asked that a stay of proceedings be granted until appeal
could be heard.    The master refused to do this and called
upon the relator to proceed with his testimony, which the
relator refused to do.    The master reported these facts to
the Circuit Court, which Court on exceptions taken passed
an order dismissing the appeal from the master, confirming
the report of the master and making it the judgment of that
Court, and further ordered that the clerk of the Court of
Common Pleas for Beaufort County certify up the same,

together with the order of the Circuit Court, to the Supreme Court. The result of it all is, that the issue which this Court ordered to be determined and certified back to this Court has not been so determined and certified.

We think the master and the Circuit Court erred in holding that the relator, Lockwood, should be the actor in the issue ordered to be determined. This issue was ordered with a view to determine an issue raised by the respondent in reference to which this Court said : "The main ground for the refusal to pay the petitioner, arises from the contention that by the terms of the act of the General Assembly, already cited herein, the bonds were ordered to be sold at par; and if this claim of petitioner were allowed, it would appear that the bonds were actually sold at ninety-five cents on the dollar. All this would be quite true, if W. H. Lockwood were the actual purchaser of said bonds." Accordingly, an issue to determine that fact was ordered. It should be remembered that the relator holds the warrant of the county commissioners upon the county treasurer for the payment of his claim, which has been audited and approved, as shown in *County of Richland* v. *Miller,* 16 S. C., 236, and *State ex rel. Cummings* v. *Kirby,* 17 S. C., 565, when "a claim against a county has been audited and allowed by the board of county commissioners acting within the limits of their jurisdiction, their action is final unless appealed from, and stands as a *quasi* judgment, which can only be set aside by a proper proceeding for that purpose upon the ground of fraud or mistake." A county treasurer resisting the payment of a warrant issued upon a claim audited and approved by the county commissioners should, therefore, take the burden of proof.

The rulings and order appealed from are reversed, and it is again remanded to the Circuit Court to determine and certify the issue, as previously ordered herein.